United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 19-10369-amc
Claire Marie Toland                                                     Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: Stacey              Page 1 of 1              Date Rcvd: Apr 30, 2019
                             Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 02, 2019.
db             +Claire Marie Toland,    173 Simpson road,    Apartment #2,    Ardmore, PA 19003-2838

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 02, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 30, 2019 at the address(es) listed below:
      ANDREW VINCENT GUILFOIL    on behalf of Debtor Claire Marie Toland aguilfoil@holber.com
      KEVIN F. BERRY    on behalf of Creditor Robert  Toland, II kberry@ohaganmeyer.com
      KEVIN G. MCDONALD    on behalf of Creditor    BANK OF AMERICA, NATIONAL ASSOCIATION FHA/VA/RHS:
      Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                                                                                TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Claire Marie Toland | | |
| Debtor(s) | | CHAPTER 13 |
| BANK OF AMERICA, NATIONAL ASSOCIATION FHA/VA/RHS: Nationstar Mortgage LLC d/b/a Mr. Cooper | | |
| Movant | | NO. 19-10369 AMC |
| vs. | | |
| Claire Marie Toland | | |
| Debtor(s) | | 11 U.S.C. Sections 362 and 1301 |
| Robert Toland II | | |
| Co-Debtor | | |
| William C. Miller, Esq. | | |
| Trustee | | |

## ORDER

AND NOW, this 30th day of April, 2019 at Philadelphia, upon failure of Debtor(s) and the Trustee to file and Answer or otherwise plead, it is:

ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is granted and the Automatic Stay of all proceeding, as provided under Section 362 and 1301 of the Bankruptcy Abuse and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362 and 1301, is modified with respect to the subject premises located at 2948 Morris Road, Ardmore, PA 19003 ("Property), so as to allow Movant, its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

Ashely M. Chan
United States Bankruptcy Judge