**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: CLAIRE MARIE TOLAND, | : | CHAPTER 13 |
| | : | |
| Debtor. | : | BKY. NO. 19-10369 AMC |
| | | |
| ROBERT TOLAND II, | : | ADVERSARY PROCEEDING |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CLAIRE MARIE TOLAND, | : | |
| | : | |
| Defendant. | : | NO. 19-110 AMC |

**CREDITOR / ADVERSARY PLAINTIFF**
**ROBERT TOLAND II'S MOTION FOR SUMMARY JUDGMENT**

Creditor and Adversary Plaintiff, Robert Toland II ("Creditor RT2"), hereby moves for summary judgment against Debtor / Defendant, Claire Marie Toland ("Debtor "), and alleges in support thereof as follows:

1.      Debtor and Creditor RT2 were married on November 30, 1991.

2.      Debtor and Creditor RT2 were divorced on July 30, 2010.  Divorce Decree ¶ 1, *Robert Toland II v. Claire M. Toland*, No. 02-01976 (Pa. Ct. Com. Pl., Chester Cty., July 30, 2010) (Ex. A hereto).

3.      The July 30, 2010, Divorce Decree provides: "The parties shall comply with all the provisions of the Agreement reached in the matter, which provisions are set forth at length in the Master's Report and are incorporated herein."  Divorce Decree ¶ 2 (Ex. A hereto).

4.      The Master's Report provides, among other things, as follows:

Husband [Creditor RT2] will be entitled to **$16,000** in equity to be paid to him in the summer of 2017.  This payment shall accrue interest at the rate of two percent

per year.  If for some reason Wife [Debtor] is unable to make this **$16,000** payment representing the equity in the house, Wife will sell the marital residence [2948 Morris Road, Ardmore, PA 19003] in the summer of 2017, at which time Husband will receive the **$16,000** plus any accrued interest.  Husband is also entitled to another payment in the amount of **$20,780** from Wife.  This payment will also be made in the summer of 2017.  And again, if for any reason Wife is unable to make the payment, the marital residence will be sold at that time and payment will come from that.  To clarify, a total of **$36,780** is due Husband with interest at the rate of 2%.  Wife has the right to pay off the entire amount any time earlier in the event she chooses to refinance.

*Robert Toland II v. Claire M. Toland*, No. 02-01976, Master's Rep. ¶ 2, pp. 3-4 (Pa. Ct. Com. Pl., Chester Cty., July 2, 2010) (emphasis added) (Ex. B hereto).

5.      Neither Debtor nor Creditor RT2 appealed the Divorce Decree or the Master's Report incorporated therein and it is and remains the final Divorce Decree between Debtor and Creditor RT2.

6.      Debtor did not pay Creditor RT2 the $16,000 or the $20,780, or any part thereof, in the summer of 2017 pursuant to the Divorce Decree.  Nor has Debtor paid Creditor RT2 any part of that obligation since that time.

7.      Debtor attempted to sell the "marital residence" at 2948 Morris Road, Ardmore, PA 19003, in late 2018 and early 2019.  Apparently the Debtor's debt / mortgage obligations / other encumbrances / *etc.* on the marital residence (including the obligation to Creditor RT2) exceed the property's fair market value.  As a result, Debtor filed this action under Chapter 13 of the Bankruptcy Code.

8.      The **$16,000** Debtor is obligated pay Creditor RT2 under the Divorce Decree is in consideration of the appreciation in the market value of the marital residence.

9.      The **$20,780** Debtor is obligated to pay Creditor RT2 under the Divorce Decree was for checks that Debtor had Vanguard send to her from a non-marital account in Creditor RT2's

name, the checks were made payable to Creditor RT2, and Debtor forged Creditor RT2's signature

on the checks. *See* cancelled checks (Ex. C hereto). Creditor RT2 was unaware (until he received

statements from Vanguard showing the check withdrawals) that Debtor was doing this and

Creditor RT2 did not approve or authorize it before it was done nor did he ratify Debtor's actions

after Creditor RT2 discovered them. (A White and Williams check signed by Creditor RT2 is

attached as Ex. D for comparison.)

10.     The **$20,780** Debtor is obligated to pay Creditor RT2 in the Divorce Decree was

also for checks from White and Williams (Creditor RT2's former law firm) to which Debtor also

forged Creditor RT2's signature. *See* cancelled checks (Ex. C hereto). Creditor RT2 was unaware

that Debtor was doing this and Creditor RT2 did not approve or authorize it before it was done nor

did he ratify Debtor's actions after Creditor RT2 discovered them.

11.     Interest runs on the amounts due under the Divorce Decree at an annual rate of 2%.

*See* Master's Rep. ¶ 2 (Ex. B hereto).

12.     In a signed Affidavit dated June 10, 2011, and executed under penalty of perjury

under 28 U.S.C. § 1746, Debtor agreed to add an additional **$3,200** to the amount she is obligated

to pay Creditor RT2 under the Divorce Decree in the event she was unable to repay a loan. *See*

Claire M. Toland Aff. ¶ 2 (Ex. E hereto). Debtor has not repaid that loan. Debtor's Affidavit is

captioned in the divorce proceedings and provides that interest will accrue at the same 2% interest

as the obligation in the Divorce Decree.

13.     In another signed and notarized Affidavit dated October 22, 2012, Debtor agreed

to increase her debts / obligations under the Divorce Decree by **$4,775** based on a loan she failed

to repay. *See* Claire M. Toland Aff. ¶ 14 (Oct. 22, 2012) (Ex. F hereto).

14.    With interest added onto these amounts pursuant to the Divorce Decree, the total Debtor owes Creditor RT2 is **$52,910.80**.  *See* Toland Interest Calculations Spreadsheet (Ex. G hereto).

15.    Because Debtor refused to honor her obligations under the Divorce Decree, Creditor RT2 was required to retain an attorney and seek recovery in the divorce action in the Pennsylvania Court of Common Pleas, Chester County.  Creditor RT2 retained Patrick T. Daley, Esquire, who filed on or about June 18, 2018, a Petition to Enforce the Report of the Equitable Distribution Master in the divorce proceeding in the Pennsylvania Court of Common Pleas, Chester County.  *Robert Toland II v. Claire M. Toland*, No. 02-01976 (Pa. Ct. Com. Pl., Chester Cty.).

16.    Because Debtor refused to honor her obligation under the Divorce Decree, and because Creditor RT2 was required to retain Mr. Daley to seek to enforce that obligation, Creditor RT2 was required to spend **$9,148** in attorney's fees.  *See* Ltr. from Patrick T. Daley, Esq., to Robert Toland II (Mar. 18, 2019) (Ex. H hereto).  This is a cost of seeking the recovery of the debt obligations under the Divorce Decree to which Creditor RT2 is entitled and is properly included in his recovery in this bankruptcy matter — *i.e.*, is properly excluded / excepted from discharge in these bankruptcy proceedings — bringing the total debt obligation from Debtor to Creditor RT2 to **$62,058.80**.

17.    The **$62,058.80** that Debtor owes to Creditor RT2 is not dischargeable under Section 523(a)(15) of the Bankruptcy Code, which provides that a discharge under Sections 727, 1141, 1228(a), or 1328(b) of the Bankruptcy Code does not discharge a debt:

> **(15)** [T]o a . . . former spouse . . . of the debtor . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit . . . .

11 U.S.C. § 523(a)(15).

18.     The **$62,058.80** debt that Debtor owes to Creditor RT2 was incurred by Debtor in the course of a divorce proceeding and/or arises out of and relates to such divorce proceedings.

19.     Accordingly, Creditor RT2 is entitled to have Debtor's obligation of **$62,058.80** to Creditor RT2 excluded / excepted from discharge in these bankruptcy proceedings.

20.     Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under Sections 727, 1141, 1228(a), or 1328(b) of the Bankruptcy Code does not discharge a debt:

   **(2)** [F]or money . . . to the extent obtained by —

      **(A)** false pretenses, a false representation, or actual fraud . . . .

11 U.S.C. § 523(a)(2).

21.     Debtor's forgery of Creditor RT2's signature on the checks from Vanguard and White and Williams constitutes "actual fraud."

22.     Accordingly, the **$20,780** Debtor is obligated to pay Creditor RT2 under the Divorce Decree — plus interest at 2% per year — is also excluded / excepted from discharge in these bankruptcy proceedings.  The interest calculation on that amount is set forth in a spreadsheet in Ex. I hereto and brings the total on this debt to **$24,713.62**.

**WHEREFORE**, Creditor RT2 demands judgment be entered in his favor in the amount of **$62,058.80**, that such judgment be excluded / excepted from discharge in these bankruptcy proceedings, and demands that he be placed in first position on that judgment amount from the proceeds from the sale of the property located at 2948 Morris Road, Ardmore, PA 19003, as well as any of Debtor's other assets.

Respectfully submitted,

_/s/ Kevin F. Berry_
KEVIN F. BERRY (PA #30058)
**O'HAGAN MEYER**
100 N. 18th Street, Suite 700
Two Logan Square
Philadelphia, PA 19103
267-386-4353
kberry@ohaganlaw.com
*Attorneys for Creditor*
*Robert Toland II*

Dated: October 22, 2019

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: CLAIRE MARIE TOLAND, | : | CHAPTER 13 |
| | : | |
| Debtor. | : | BKY. NO. 19-10369 AMC |
| | | |
| ROBERT TOLAND II, | : | ADVERSARY PROCEEDING |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CLAIRE MARIE TOLAND, | : | |
| | : | |
| Defendant. | : | NO. 19-110 AMC |

**O R D E R**

**AND NOW**, this _____ day of _____, 2019, upon consideration of Creditor / Adversary Plaintiff Robert Toland II's Motion for Summary Judgment and Debtor / Adversary Defendant Claire Marie Toland's response thereto, **IT IS HEREBY ORDERED** that Creditor / Adversary Plaintiff Robert Toland II's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is hereby entered in favor of Creditor / Adversary Plaintiff Robert Toland II and against Debtor / Adversary Defendant Claire Marie Toland in the amount of **$62,058.80.**

**IT IS FURTHER ORDERED** that Creditor / Adversary Plaintiff Robert Toland II will be paid this judgment in the amount of **$62,058.80** as a first position creditor from the proceeds from the sale of the property located at 2948 Morris Road, Ardmore, PA 19003.

_____
Ashely M. Chan
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: CLAIRE MARIE TOLAND, | : | CHAPTER 13 |
| | : | |
| Debtor. | : | BKY. NO. 19-10369 AMC |
| | | |
| ROBERT TOLAND II, | : | ADVERSARY PROCEEDING |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CLAIRE MARIE TOLAND, | : | |
| | : | |
| Defendant. | : | NO. 19-110 AMC |

**MEMORANDUM OF LAW IN SUPPORT OF**
**CREDITOR / ADVERSARY PLAINTIFF**
**ROBERT TOLAND II'S MOTION FOR SUMMARY JUDGMENT**

Creditor and Adversary Plaintiff, Robert Toland II ("Creditor RT2"), hereby moves for summary judgment against Debtor / Defendant, Claire Marie Toland ("Debtor").  As explained below, no genuine dispute as to material fact exists and Creditor RT2 is entitled to summary judgment on both liability and damages in the amount of **$62,058.80**.

**STATEMENT OF THE CASE**

Debtor and Creditor RT2 were married on November 30, 1991.  Debtor and Creditor RT2 were divorced on July 30, 2010.  Divorce Decree ¶ 1, *Robert Toland II v. Claire M. Toland*, No. 02-01976 (Pa. Ct. Com. Pl., Chester Cty., July 30, 2010) (Ex. A hereto).

The July 30, 2010, Divorce Decree provides: "The parties shall comply with all the provisions of the Agreement reached in the matter, which provisions are set forth at length in the

Master's Report and are incorporated herein." Divorce Decree ¶ 2 (Ex. A hereto). The Master's

Report provides, among other things, as follows:

> Husband [Creditor RT2] will be entitled to **$16,000** in equity to be paid to him in the summer of 2017. This payment shall accrue interest at the rate of two percent per year. If for some reason Wife [Debtor] is unable to make this **$16,000** payment representing the equity in the house, Wife will sell the marital residence [2948 Morris Road, Ardmore, PA 19003] in the summer of 2017, at which time Husband will receive the **$16,000** plus any accrued interest. Husband is also entitled to another payment in the amount of **$20,780** from Wife. This payment will also be made in the summer of 2017. And again, if for any reason Wife is unable to make the payment, the marital residence will be sold at that time and payment will come from that. To clarify, a total of **$36,780** is due Husband with interest at the rate of 2%. Wife has the right to pay off the entire amount any time earlier in the event she chooses to refinance.

*Robert Toland II v. Claire M. Toland*, No. 02-01976, Master's Rep. ¶ 2, pp. 3-4 (Pa. Ct. Com. Pl.,

Chester Cty., July 2, 2010) (emphasis added) (Ex. B hereto).

Neither Debtor nor Creditor RT2 appealed the Divorce Decree or the Master's Report

incorporated therein and it is and remains the final Divorce Decree between Debtor and Creditor

RT2. Debtor did not pay Creditor RT2 the $16,000 or the $20,780, or any part thereof, in the

summer of 2017 pursuant to the Divorce Decree. Nor has Debtor paid Creditor RT2 any part of

that obligation since that time.

Debtor attempted to sell the "marital residence" at 2948 Morris Road, Ardmore, PA 19003,

in late 2018 and early 2019. Apparently the Debtor's debt / mortgage obligations / other

encumbrances / *etc.* on the marital residence (including the obligation to Creditor RT2) exceed the

property's fair market value. As a result, Debtor filed this action under Chapter 13 of the

Bankruptcy Code.

The **$16,000** Debtor is obligated pay Creditor RT2 under the Divorce Decree is in

consideration of the appreciation in the market value of the marital residence. The **$20,780** Debtor

is obligated to pay Creditor RT2 under the Divorce Decree was for checks that Debtor had

Vanguard send to her from a non-marital account in Creditor RT2's name, the checks were made

payable to Creditor RT2, and Debtor forged Creditor RT2's signature on the checks. *See* cancelled

checks (Ex. C hereto). Creditor RT2 was unaware (until he received statements from Vanguard

showing the check withdrawals) that Debtor was doing this and Creditor RT2 did not approve or

authorize it before it was done nor did he ratify Debtor's actions after Creditor RT2 discovered

them. (A White and Williams check signed by Creditor RT2 is attached as Ex. D for comparison.)

The **$20,780** Debtor is obligated to pay Creditor RT2 in the Divorce Decree was also for

checks from White and Williams (Creditor RT2's former law firm) to which Debtor also forged

Creditor RT2's signature. *See* cancelled checks (Ex. C hereto). Creditor RT2 was unaware that

Debtor was doing this and Creditor RT2 did not approve or authorize it before it was done nor did

he ratify Debtor's actions after Creditor RT2 discovered them. Interest runs on the amounts due

under the Divorce Decree at an annual rate of 2%. *See* Master's Rep. ¶ 2 (Ex. B hereto).

In a signed Affidavit dated June 10, 2011, and executed under penalty of perjury under 28

U.S.C. § 1746, Debtor agreed to add an additional **$3,200** to the amount she is obligated to pay

Creditor RT2 under the Divorce Decree in the event she was unable to repay a loan. *See* Claire

M. Toland Aff. ¶ 2 (Ex. E hereto). Debtor has not repaid that loan. This Affidavit is captioned in

the divorce proceedings and provides that interest will accrue at the same 2% interest as the

obligation in the Divorce Decree.

In another signed and notarized Affidavit dated October 22, 2012, Debtor agreed to

increase her debts / obligations under the Divorce Decree by **$4,775** based on a loan she failed to

repay. *See* Claire M. Toland Aff. ¶ 14 (Oct. 22, 2012) (Ex. F hereto). With interest added onto

these amounts pursuant to the Divorce Decree, the total Debtor owes Creditor RT2 is **$52,910.80**. *See* Toland Interest Calculations Spreadsheet (Ex. G hereto).

Because Debtor refused to honor her obligations under the Divorce Decree, Creditor RT2 was required to retain an attorney and seek recovery in the divorce action in the Pennsylvania Court of Common Pleas, Chester County.  Creditor RT2 retained Patrick T. Daley, Esquire, who filed on or about June 18, 2018, a Petition to Enforce the Report of the Equitable Distribution Master in the divorce proceeding in the Pennsylvania Court of Common Pleas, Chester County. *Robert Toland II v. Claire M. Toland*, No. 02-01976 (Pa. Ct. Com. Pl., Chester Cty.).

Because Debtor refused to honor her obligation under the Divorce Decree, and because Creditor RT2 was required to retain Mr. Daley to seek to enforce that obligation, Creditor RT2 was required to spend **$9,148** in attorney's fees.  *See* Ltr. from Patrick T. Daley, Esq., to Robert Toland II (Mar. 18, 2019) (Ex. H hereto).  This is a cost of seeking the recovery of the debt obligations under the Divorce Decree to which Creditor RT2 is entitled and is properly included in his recovery in this bankruptcy matter — *i.e.*, is properly excluded / excepted from discharge in these bankruptcy proceedings — bringing the total debt obligation from Debtor to Creditor RT2 to **$62,058.80**.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  When determining whether a genuine dispute as to any material fact exists, "all facts should be viewed in the light most favorable to the non-moving party, with all reasonable inferences [drawn] in that party's favor."  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (internal quotations & citations omitted).

The Supreme Court in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), provided guidance on what facts are material and when a dispute is genuine:

> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.  . . .
>
> [S]ummary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

477 U.S. at 248.

"[I]t is initially the moving party's burden to demonstrate the absence of a genuine [dispute] of material fact." *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (internal quotations omitted).  "If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotations omitted).  The relevant parts of the record upon which this Court can gauge a motion for summary judgment are outlined in Fed. R. Civ. P. 56(c)(1).

## <u>ARGUMENT</u>

**I.    THE $62,058.80 DEBTOR OWES CREDITOR RT2 IS NOT DISCHARGEABLE
UNDER SECTION 523(a)(15) OF THE BANKRUPTCY CODE**

Section 523(a)(15) of the Bankruptcy Code provides that a discharge under Sections 727,

1141, 1228(a), or 1328(b) of the Bankruptcy Code does not discharge a debt:

> **(15)** [T]o a . . . former spouse . . . of the debtor . . . that is incurred by the debtor in
> the course of a divorce or separation or in connection with a separation agreement,
> divorce decree or other order of a court of record, or a determination made in
> accordance with State or territorial law by a governmental unit . . . .

11 U.S.C. § 523(a)(15).

The **$62,058.80** debt that Debtor owes to Creditor RT2 was incurred by Debtor in the

course of a divorce proceeding and/or arises out of and relates to such divorce proceedings.

Accordingly, Creditor RT2 is entitled to have Debtor's obligation of **$62,058.80** to Creditor RT2

excluded / excepted from discharge in these bankruptcy proceedings.

**II.    THE $24,713.62 DEBTOR OWES CREDITOR RT2 IS NOT DISCHARGEABLE
UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE**

Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under Sections 727,

1141, 1228(a), or 1328(b) of the Bankruptcy Code does not discharge a debt:

> **(2)** [F]or money . . . to the extent obtained by —
>
> > **(A)** false pretenses, a false representation, or actual fraud . . . .

11 U.S.C. § 523(a)(2).

Debtor's forgery of Creditor RT2's signature on the checks from Vanguard and White and

Williams constitutes "actual fraud."  Accordingly, the **$20,780** Debtor is obligated to pay Creditor

RT2 under the Divorce Decree — plus interest at 2% per year — is also excluded / excepted from

discharge in these bankruptcy proceedings.  The interest calculation on that amount is set forth in a spreadsheet in Ex. I hereto and brings the total on this debt to **$24,713.62**.

### CONCLUSION

As explained above, Creditor RT2 is entitled to judgment in his favor in the amount of **$62,058.80**, that amount should be excluded / excepted from discharge in these bankruptcy proceedings, and Creditor RT2 is entitled to first position on that judgment amount from the proceeds from the sale of the property located at 2948 Morris Road, Ardmore, PA 19003, as well as any of Debtor's other assets.


Respectfully submitted,


  */s/ Kevin F. Berry*
KEVIN F. BERRY (PA #30058)
**O'HAGAN MEYER LLP**
100 N. 18th Street, Suite 700
Two Logan Square
Philadelphia, PA 19103
267-386-4353
kberry@ohaganlaw.com
*Attorneys for Creditor*
*Robert Toland II*


Dated:  October 22, 2019

# EXHIBIT A

AUG 0 3 2010

| | | |
|---|---|---|
| ROBERT TOLAND, III, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | CHESTER COUNTY, PENNSYLVANIA |
| vs. | : | CIVIL ACTION - LAW |
| CLAIRE M. TOLAND, | : | No. 02-01976 |
| Defendant | : | IN DIVORCE |

## DECREE

AND NOW, this 30th day of July, 2010, based upon the Report and Recommendation of Lynn A. Snyder, Esquire, Master, and no exceptions having been filed, it is hereby Ordered, and Decreed that:

1.   Plaintiff, Robert Toland, III, and Defendant, Claire M. Toland, are divorced from the bonds of matrimony.

2.   The parties shall comply with all of the provisions of the Agreement reached in this matter, which provisions are set forth at length in the Master's Report and are incorporated herein.

BY THE COURT:

_Katherine B. Platt_
                                                        J.

# EXHIBIT B

ROBERT TOLAND, III,   :  IN THE COURT OF COMMON PLEAS

   Plaintiff    :  CHESTER COUNTY, PENNSYLVANIA

   vs.     :  CIVIL ACTION - LAW

CLAIRE M. TOLAND,   :  No.  02-01976

   Defendant   :  IN DIVORCE

## REPORT OF THE MASTER

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

  Plaintiff filed a Motion for Appointment of Master on February 25, 2010.  Master Lynn A. Snyder scheduled a preliminary conference for March 22, 2010.  Notice thereof was sent by regular mail to Plaintiff's counsel, Madeline H. Lamb, Esquire, and to Defendant's counsel, Kim Denise Morton, Esquire.  The preliminary conference was held at that time.  Present were Plaintiff's counsel, Defendant's counsel and the Master.

  The settlement conference was scheduled for June 4, 2010.  Present were both parties and their attorneys.  After negotiations, the parties reached a settlement of all outstanding issues.  The parties, through their counsel, agreed that the settlement would supplant any form of ancillary relief.  The parties withdrew on the record their claims for ancillary relief.

  The exact resolution of the issues will be discussed in detail in the discussion part of the report.  Counsel for Defendant recited on the record, the various provisions of the agreement reached by the parties.  Plaintiff's counsel confirmed the provisions.  Both parties being represented by counsel, the Master is satisfied that the parties understood the legal ramifications of the settlement, had no questions about the recitation of the provisions, and that the settlement reflected their wishes.  Both parties were sworn and testified that they accepted the terms of the agreement and agreed to be bound by those terms.

Testimony having been heard, and upon consideration of the testimony and documents of record, the Master makes the following findings and recommendations:

## FINDINGS OF FACT

1.      Plaintiff is Robert Toland, III, an adult individual whose address is 1403 Coventry Lane, Glen Mills, Pennsylvania, who resided in the Commonwealth of Pennsylvania for a period of at least six (6) months prior to filing of the Complaint, who was born on March 8, 1960 and who is unemployed.  This is Husband's first marriage.

2.      Defendant is Claire M. Toland, an adult individual whose address is 2948 Morris Road, Ardmore, Pennsylvania, who resided in the Commonwealth of Pennsylvania for a period of at least six (6) months prior to the filing of the Complaint.  This is a first marriage for Wife.

3.      There were two children born of this marriage.

4.      The parties were married on November 30, 1991 in Chester County, Pennsylvania.

5.      There have been no prior actions for divorce or annulment of marriage between the parties.

6.      The parties were informed of the availability of counseling, which neither party requested.

7.      The Complaint was filed on March 5, 2002.  Proper service of the Complaint upon Defendant is found.

8.      Wife has signed and filed an Affidavit pursuant to Section 3301(d) of the Divorce Code alleging that the marriage is irretrievably broken and two years have elapsed from the date of separation.  Proper service of the 3301(d) Affidavit upon the opposing party is found.

2

9.    Because of the settlement reached by the parties, which was placed on the record, the parties withdrew any claims which they had or may have had for ancillary relief.

10.    At the date of the settlement, the parties entered into a comprehensive Agreement, all of the terms of which were placed on the record.  Both parties having been represented by counsel, the Master is satisfied that the parties understood all of the provisions of that Agreement, and that the parties understood, by virtue of the Agreement, that they were relinquishing any claims which they may have exercised pursuant to the Pennsylvania Divorce Code.

11.    Both parties waived the time period for filing exceptions to this Report and Recommendation.

## II. SETTLEMENT AGREEMENT

1.    A divorce decree shall be entered pursuant to Section 3301(d) of the Divorce Code.

2.    The parties own a marital residence located at 2948 Morris Road, Ardmore, Pennsylvania.  The parties agree that Wife shall retain the marital residence as her sole and exclusive property.  Husband's name shall remain on the deed to the marital residence unless Wife decides to refinance the marital residence at which time Husband will be paid $36,780 plus interest accrued to that time. (see below) There is a mortgage currently in joint names.  The mortgage shall remain in joint names.  Husband will not require Wife to refinance in order to have his name removed.  Wife will be solely and exclusively responsible for timely payments of the mortgage, homeowners insurance and real estate taxes and will indemnify and hold Husband harmless.  Husband will be entitled to $16,000 in equity to be paid to him in the summer of 2017.  This payment shall accrue interest at the rate of two percent per year.  If for some reason Wife is unable

3

to make this $16,000 payment representing the equity in the house, Wife will sell the marital residence in the summer of 2017, at which time Husband will receive the $16,000 plus any accrued interest. Husband is also entitled to another payment in the amount of $20,780 from Wife. This payment will also be made in the summer of 2017. And again, if for any reason Wife is unable to make that payment, the marital residence will be sold at that time and the payment will come from that. To clarify, a total of $36,780 is due Husband with interest at the rate of 2%. Wife has the right to pay off the entire amount any time earlier in the event she chooses to refinance.

3.      Husband has a White and Williams pension, which has a cash value or a buyout value as of June 4, 2010 of $55,000. Husband also has a White and Williams 401(k) plan that has a value of $106,230 as of April 2010 and a 401(k) plan from a former employer, Cabaniss, Conroy with a value of $9,485 as of April 2010. The parties agree that Husband shall retain the pension and the two 401(k) plans as his sole and separate property.

4.      Wife has a Vanguard retirement plan with a balance of $120. In 2007 she made a withdrawal of $5,000. In 2008 she made a withdrawal of $17,500. In 2008 she made a withdrawal of $12,602. The parties agree that Wife shall retain her Vanguard account plus all of the sums of money she has previously withdrawn.

5.      Other than the mortgage that has been previously referenced, the parties have no joint marital debt. Each party shall be responsible for any debt in his or her own name.

6.      The parties have previously divided their personal property to their mutual satisfaction. There is however a piano currently located in the marital residence. In the event Husband wants the piano returned to him, it shall be returned to him.

4

7.     The parties have no jointly titled or co-owned vehicles.

8.     Both Husband and Wife waive any claim to spousal support, alimony pendente lite or alimony.

9.     Both parties agree to be responsible for their own counsel fees.

10.    The parties agree that Husband is currently paying child support through the Chester County Domestic Relations Office for the support of two minor children in the amount of $1,500 per month.  Both parties recognize that by statute Husband cannot be prohibited from filing a petition to decrease his child support.  Nevertheless, as part of a contractual obligation, this contract today, Husband agrees that he shall maintain his child support at the rate of $1,500 per month.  In the event Husband were to file a petition to reduce child support to an amount below $1,500 per month, and if he is successful in reducing his child support, any amount of the reduction in child support below $1,500 per month will be deducted from the $36,780 that Wife is obligated to pay Husband.  By way of example, if Husband were to reduce his child support to $500 per month, the $1,000 per month reduction will be taken off the $36,780 plus interest that will be due Husband in the summer of 2017.  Husband agrees that the support order will not reduce below $1,500 per month, even when the oldest child comes off the support order.  The parties also acknowledge that the $1,500 a month is a floor.  In the event Husband is employed, the amount of support could increase above the $1,500 per month

11.    The parties waive the time period for the filing of exceptions.

5

## CONCLUSIONS OF LAW

1.      Plaintiff and Defendant contracted a legal marriage and the marital relationship still exists between them.

2.      The parties are properly before the court.

3.      The court has jurisdiction over the parties and the subject matter of this litigation.

4.      Defendant filed an affidavit pursuant to Section 3301(d) of the Divorce Code, claiming that the marriage was broken and that the parties have been living separate and apart for at least two years.

5.      The marriage is irretrievably broken, and the parties have been living separate and apart for at least two years.

6.      The parties were notified of the availability of counseling.

7.      The court should grant Plaintiff a divorce from Defendant.

_____
LYNN A. SNYDER, ESQUIRE
Master

6

## MASTER'S CERTIFICATION

I hereby certify that on the date of the filing of the foregoing Report, I mailed a copy of the Report to Laurie Wyche-Abele, Esquire, attorney for Plaintiff and Kim Denise Morton, Esquire, attorney for Defendant.

LYNN A. SNYDER, ESQUIRE
Master

## NOTICE OF EXCEPTIONS

WITHIN TWENTY DAYS AFTER NOTICE OF THE MAILING OF THE MASTER'S REPORT, EXCEPTIONS MAY BE FILED BY ANY PARTY TO THE REPORT OR ANY PART THEREOF, TO RULINGS ON OBJECTIONS TO EVIDENCE, TO STATEMENTS OR FINDINGS OF FACT, TO CONCLUSIONS OF LAW, OR TO ANY OTHER MATTERS OCCURRING DURING THE HEARING. EACH EXCEPTION SHALL SET FORTH A SEPARATE OBJECTION PRECISELY AND WITHOUT DISCUSSION. MATTERS NOT COVERED BY EXCEPTIONS ARE DEEMED WAIVED UNLESS, PRIOR TO ENTRY OF THE FINAL DECREE, LEAVE IS GRANTED TO FILE EXCEPTIONS TO THOSE MATTERS.

ROBERT TOLAND, III,                    :        IN THE COURT OF COMMON PLEAS

    Plaintiff                           :        CHESTER COUNTY, PENNSYLVANIA

    vs.                                 :        CIVIL ACTION - LAW

CLAIRE M. TOLAND,                      :        No.  02-01976

    Defendant                           :        IN DIVORCE


Laurie Wyche-Abele, Esquire
Attorney for Plaintiff


Kim Denise Morton, Esquire
Attorney for Defendant



Lynn A. Snyder
Master

ROBERT TOLAND, III,                    :        IN THE COURT OF COMMON PLEAS

      Plaintiff                        :        CHESTER COUNTY, PENNSYLVANIA

      vs.                              :        CIVIL ACTION - LAW

CLAIRE M. TOLAND,                      :        No. 02-01976

      Defendant                        :        IN DIVORCE

<u>DECREE</u>

AND NOW, this        day of              , 2010, based upon the Report and

Recommendation of Lynn A. Snyder, Esquire, Master, and no exceptions having been filed, it is

hereby Ordered, and Decreed that:

1.      Plaintiff, Robert Toland, III, and Defendant, Claire M. Toland, are divorced from

the bonds of matrimony.

2.      The parties shall comply with all of the provisions of the Agreement reached in this

matter, which provisions are set forth at length in the Master's Report and are incorporated herein.

BY THE COURT:

_____
                                     J.



# THE COUNTY OF CHESTER



LYNN A. SNYDER, ESQUIRE

Master

FAMILY COURT
201 W. Market St., Suite 5301
P.O. Box 2746
West Chester, PA 19380-0989
(610) 344-5513
FAX: (610) 344-5974

July 2, 2010

Laurie B. Wyche-Abele, Esquire
1221 West Chester Pike
West Chester, PA 19382

Kim Denise Morton, Esquire
Morton Family Law, LLC
158 West Gay Street
Darlington Commons, Suite 202
West Chester, PA 19380

   Re: Robert Toland v. Claire M. Toland
     <u>C.C.C.C.P. No. 02-01976</u>

Dear Counsel:

   Enclosed please find copies of my Report and Recommendation. The originals are being filed with the Prothonotary today.

        Very truly yours,

        Lynn A. Snyder

LAS/dsk
Enclosures

# EXHIBIT  C

| | **Serial** | **Routing** | **Account** | **PC** | **Amount** |
|---|---|---|---|---|---|
| | 0004995759 | 0004330162 | 00001002419133 | 000000 | $5000.00 |

**REDEMPTION CHECK**

**Vanguard Wellington Fund**

Check Number: 4995759
Date Of Check: 02/02/2001
9884961864

Dol #1 ........ Cents
**==#=#==#5,000 00**
Please cash this check within ten (6) months

Pay To The Order Of
ROBERT TOLAND II

Fin 182
432

PAYABLE AT
**PNCBANK**
VML Bank, National Association
Aleem, Pa.

:0011162V :220113879 077

*R K Packard*
Authorized Signature

THE **Vanguard** GROUP.

r'000050000r'

0430-0030-0
2201116679 125 125 125
220113879 02-07-0)
0190142600

9050449
0297e001
0500493951

03100001 1
Fuab-MA      00ba001
PHILADELPHIA,PA
0885616495

PNC Bank Check Image Viewer

http://ppntma46.pncbank.com/cgi-bin/detail.pl                    05/03/2002

REDACTED



REDEMPTION CHECK                    Vanguard Wellington Fund

Check          Date Of
Number         Check

5108871        03/12/2001    9894951864                              Dollars        Cents

                                                                    ********5,000 00

Pay To The Order Of                                        Please cash this check within six (6) months

ROBERT TOLAND II                          PAYABLE AT
                                          PNCBANK
                                          PNC Bank, National Association
                                          JEANNETTE, PA

THE Vanguard GROUP                                         R K Packard
                                                          Authorized Signature

                                                ⑆0000 500000⑈

REDACTED



REDACTED



REDACTED



ORIGINAL CHECK HAS MICRO PRINTING IN THE SIGNATURE LINE AND RED CHECK NUMBERS IMAGE THROUGH TO THE BACK OF SHEET

**COPY**

**WHITE AND WILLIAMS LLP**
COUNSELORS AT LAW
1800 One Liberty Place         67513
Philadelphia, Pennsylvania 19103-7395

CHECK NO.  3-50
           310

F  067513

FIRST UNION NATIONAL BANK
PHILADELPHIA, PA

DATE
June 12, 2001

AMOUNT
$ *******965.57

PAY   NINE HUNDRED SIXTY FIVE AND 57/100 DOLLARS

ROBERT TOLAND

WHITE AND WILLIAMS LLP
FIRM ACCOUNT

TO THE
ORDER
OF

BY

"'0000096557'

REDACTED

PLZCYC        07112001
CYCLE:0096    PKT:8

FIRST UNION NATL SVG
PHILADELPHIA PA 07112001

0826550562

COPY

ORIGINAL CHECK HAS MICRO PRINTING IN THE SIGNATURE LINE AND RED CHECK NUMBERS IMAGE THROUGH TO THE BACK OF SHEET

**WHITE AND WILLIAMS LLP**
COUNSELORS AT LAW
1800 One Liberty Place
Philadelphia, Pennsylvania 19103-7395

68136

CHECK NO. 3-50/310

F 068136

FIRST UNION NATIONAL BANK
PHILADELPHIA, PA

DATE July 17, 2001

AMOUNT
$******570.20

PAY  FIVE HUNDRED SEVENTY AND 20/100 DOLLARS

WHITE AND WILLIAMS LLP
FIRM ACCOUNT

TO THE
ORDER
OF
ROBERT TOLAND
2948 MORRIS ROAD
ARDMORE PA 19003

BY

MP

⑈000005 70 20⑈

PLZCYC        07192001
CYCLE:0096    PKT:B

JUL 19 001

1042 9507 6

▶ DEHS 000 1 07 192001
F 15CLIEM 165 NAT1 S9CF752
PHILADELPHIA PA 07192001

0827771091

1000 4260960416

REDACTED

ORIGINAL CHECK HAS MICRO PRINTING IN THE SIGNATURE LINE AND RED CHECK NUMBERS IMAGE THROUGH TO THE BACK OF SHEET

**WHITE AND WILLIAMS LLP**
COUNSELORS AT LAW
1800 One Liberty Place          70257
Philadelphia, Pennsylvania 19103-7395

CHECK NO.    3-50
                   310

**F 070257**

FIRST UNION NATIONAL BANK
PHILADELPHIA, PA

DATE
November 8, 2001

AMOUNT
$******567.09

PAY  FIVE HUNDRED SIXTY SEVEN AND 09/100 DOLLARS

ROBERT TOLAND
2948 MORRIS ROAD
ARDMORE PA 19003

TO THE
ORDER
OF

WHITE AND WILLIAMS LLP
FIRM ACCOUNT

BY

"000005670"



# EXHIBIT  D

COPY

ORIGINAL CHECK HAS MICRO PRINTING IN THE SIGNATURE LINE AND RED CHECK NUMBERS IMAGE THROUGH TO THE BACK OF SHEET

**WHITE AND WILLIAMS LLP**
COUNSELORS AT LAW
1800 One Liberty Place
Philadelphia, Pennsylvania 19103-7395

72396

CHECK NO. 3-50
                310

**F** 072396

FIRST UNION NATIONAL BANK
PHILADELPHIA, PA

DATE
February 22, 2002

AMOUNT
$*******45.63

PAY  FORTY FIVE AND 63/100 DOLLARS

TO THE
ORDER
OF

ROBERT TOLAND
2948 MORRIS ROAD
ARDMORE PA 19003

WHITE AND WILLIAMS LLP
FIRM ACCOUNT

1089.32 03/04/02 0008    361415391#
OTHER CASHED CHECK         $45.63
14:46                     Valley Forge

MP

⑆000000456⑉

REDACTED



# Exhibit E

**IN THE PENNSYLVANIA COURT OF COMMON PLEAS**
**CHESTER COUNTY—DOMESTIC RELATIONS SECTION**

| | | |
|---|---|---|
| CLAIRE M. TOLAND, | : | DOCKET No. 01877N2006 |
| Plaintiff | : | |
| | : | |
| v. | : | **CASE NO. 2** |
| | : | |
| ROBERT TOLAND II, | : | |
| Defendant | : | PACSES NO. 202108665 |

\*   \*   \*   \*   \*

| | | |
|---|---|---|
| ROBERT TOLAND II, | : | DOCKET NO. 02-01976 |
| Plaintiff | : | |
| | : | |
| v. | : | **CASE NO. 1** |
| | : | |
| CLAIRE M. TOLAND, | : | |
| Defendant | : | IN DIVORCE |

**AFFIDAVIT OF AMENDMENT TO THE JULY 2, 2010,**
**REPORT OF THE MASTER AND DIVORCE DECREE**

I, Claire M. Toland, agree to the following amendment/supplement to the parties' agreed upon resolution of the claims involved in these related cases, as set forth in the Report of the Master in **Case No. 1** entered on July 2, 2010, which was approved and incorporated into the Divorce Decree entered in **Case No. 1** on August 2, 2010:

1. I have borrowed a total of $4,400.00 from Robert Toland II since that Report of the Master and Divorce Decree were entered and I agreed to repay $3,200.00 of those loans. See Attached.

2. If I am unable to repay those loans before 2017 for whatever reason, however, I agree that Robert Toland II is entitled to an additional $3,200.00 upon the sale of the house at 2948 Morris Road in Ardmore, PA — plus the same 2% interest — in accordance with the terms of the Report of the Master on pages 3-4.

3.      This affidavit is executed within the United States.  Pursuant to 28 U.S.C. § 1746, I

declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge,

information, and belief.


CLAIRE M. TOLAND


Dated: June 10, 2011

ROBERT TOLAND, III,           :    IN THE COURT OF COMMON PLEAS

       Plaintiff            :    CHESTER COUNTY, PENNSYLVANIA

       vs.                :    CIVIL ACTION - LAW

CLAIRE M. TOLAND,           :    No.  02-01976

       Defendant         :    IN DIVORCE

## REPORT OF THE MASTER

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

      Plaintiff filed a Motion for Appointment of Master on February 25, 2010.  Master Lynn A. Snyder scheduled a preliminary conference for March 22, 2010.  Notice thereof was sent by regular mail to Plaintiff's counsel, Madeline H. Lamb, Esquire, and to Defendant's counsel, Kim Denise Morton, Esquire.  The preliminary conference was held at that time.  Present were Plaintiff's counsel, Defendant's counsel and the Master.

      The settlement conference was scheduled for June 4, 2010.  Present were both parties and their attorneys.  After negotiations, the parties reached a settlement of all outstanding issues.  The parties, through their counsel, agreed that the settlement would supplant any form of ancillary relief.  The parties withdrew on the record their claims for ancillary relief.

      The exact resolution of the issues will be discussed in detail in the discussion part of the report.  Counsel for Defendant recited on the record, the various provisions of the agreement reached by the parties.  Plaintiff's counsel confirmed the provisions.  Both parties being represented by counsel, the Master is satisfied that the parties understood the legal ramifications of the settlement, had no questions about the recitation of the provisions, and that the settlement reflected their wishes.  Both parties were sworn and testified that they accepted the terms of the agreement and agreed to be bound by those terms.

Testimony having been heard, and upon consideration of the testimony and documents of record, the Master makes the following findings and recommendations:

## FINDINGS OF FACT

1.    Plaintiff is Robert Toland, III, an adult individual whose address is 1403 Coventry Lane, Glen Mills, Pennsylvania, who resided in the Commonwealth of Pennsylvania for a period of at least six (6) months prior to filing of the Complaint, who was born on March 8, 1960 and who is unemployed.  This is Husband's first marriage.

2.    Defendant is Claire M. Toland, an adult individual whose address is 2948 Morris Road, Ardmore, Pennsylvania, who resided in the Commonwealth of Pennsylvania for a period of at least six (6) months prior to the filing of the Complaint.  This is a first marriage for Wife.

3.    There were two children born of this marriage.

4.    The parties were married on November 30, 1991 in Chester County, Pennsylvania.

5.    There have been no prior actions for divorce or annulment of marriage between the parties.

6.    The parties were informed of the availability of counseling, which neither party requested.

7.    The Complaint was filed on March 5, 2002.  Proper service of the Complaint upon Defendant is found.

8.    Wife has signed and filed an Affidavit pursuant to Section 3301(d) of the Divorce Code alleging that the marriage is irretrievably broken and two years have elapsed from the date of separation.  Proper service of the 3301(d) Affidavit upon the opposing party is found.

2

9.      Because of the settlement reached by the parties, which was placed on the record, the parties withdrew any claims which they had or may have had for ancillary relief.

10.      At the date of the settlement, the parties entered into a comprehensive Agreement, all of the terms of which were placed on the record.   Both parties having been represented by counsel, the Master is satisfied that the parties understood all of the provisions of that Agreement, and that the parties understood, by virtue of the Agreement, that they were relinquishing any claims which they may have exercised pursuant to the Pennsylvania Divorce Code.

11.      Both parties waived the time period for filing exceptions to this Report and Recommendation.

## II. SETTLEMENT AGREEMENT

1.      A divorce decree shall be entered pursuant to Section 3301(d) of the Divorce Code.

2.      The parties own a marital residence located at 2948 Morris Road, Ardmore, Pennsylvania.   The parties agree that Wife shall retain the marital residence as her sole and exclusive property.   Husband's name shall remain on the deed to the marital residence unless Wife decides to refinance the marital residence at which time Husband will be paid $36,780 plus interest accrued to that time. (see below) There is a mortgage currently in joint names.   The mortgage shall remain in joint names.   Husband will not require Wife to refinance in order to have his name removed.   Wife will be solely and exclusively responsible for timely payments of the mortgage, homeowners insurance and real estate taxes and will indemnify and hold Husband harmless. Husband will be entitled to $16,000 in equity to be paid to him in the summer of 2017.   This payment shall accrue interest at the rate of two percent per year.   If for some reason Wife is unable

to make this $16,000 payment representing the equity in the house, Wife will sell the marital

residence in the summer of 2017, at which time Husband will receive the $16,000 plus any accrued

interest.  Husband is also entitled to another payment in the amount of $20,780 from Wife.  This

payment will also be made in the summer of 2017.  And again, if for any reason Wife is unable to

make that payment, the marital residence will be sold at that time and the payment will come from

that.  To clarify, a total of $36,780 is due Husband with interest at the rate of 2%.  Wife has the

right to pay off the entire amount any time earlier in the event she chooses to refinance.

3.      Husband has a White and Williams pension, which has a cash value or a buyout

value as of June 4, 2010 of $55,000.  Husband also has a White and Williams 401(k) plan that has a

value of $106,230 as of April 2010 and a 401(k) plan from a former employer, Cabaniss, Conroy

with a value of $9,485 as of April 2010.  The parties agree that Husband shall retain the pension

and the two 401(k) plans as his sole and separate property.

4.      Wife has a Vanguard retirement plan with a balance of $120.  In 2007 she made a

withdrawal of $5,000.  In 2008 she made a withdrawal of $17,500.  In 2008 she made a withdrawal

of $12,602.  The parties agree that Wife shall retain her Vanguard account plus all of the sums of

money she has previously withdrawn.

5.      Other than the mortgage that has been previously referenced, the parties have no

joint marital debt.  Each party shall be responsible for any debt in his or her own name.

6.      The parties have previously divided their personal property to their mutual

satisfaction.  There is however a piano currently located in the marital residence.  In the event

Husband wants the piano returned to him, it shall be returned to him.

4

7.    The parties have no jointly titled or co-owned vehicles.

8.    Both Husband and Wife waive any claim to spousal support, alimony pendente lite or alimony.

9.    Both parties agree to be responsible for their own counsel fees.

10.    The parties agree that Husband is currently paying child support through the Chester County Domestic Relations Office for the support of two minor children in the amount of $1,500 per month.  Both parties recognize that by statute Husband cannot be prohibited from filing a petition to decrease his child support.  Nevertheless, as part of a contractual obligation, this contract today, Husband agrees that he shall maintain his child support at the rate of $1,500 per month.  In the event Husband were to file a petition to reduce child support to an amount below $1,500 per month, and if he is successful in reducing his child support, any amount of the reduction in child support below $1,500 per month will be deducted from the $36,780 that Wife is obligated to pay Husband.  By way of example, if Husband were to reduce his child support to $500 per month, the $1,000 per month reduction will be taken off the $36,780 plus interest that will be due Husband in the summer of 2017.  Husband agrees that the support order will not reduce below $1,500 per month, even when the oldest child comes off the support order.  The parties also acknowledge that the $1,500 a month is a floor.  In the event Husband is employed, the amount of support could increase above the $1,500 per month

11.    The parties waive the time period for the filing of exceptions.

5

## CONCLUSIONS OF LAW

1.      Plaintiff and Defendant contracted a legal marriage and the marital relationship still exists between them.

2.      The parties are properly before the court.

3.      The court has jurisdiction over the parties and the subject matter of this litigation.

4.      Defendant filed an affidavit pursuant to Section 3301(d) of the Divorce Code, claiming that the marriage was broken and that the parties have been living separate and apart for at least two years.

5.      The marriage is irretrievably broken, and the parties have been living separate and apart for at least two years.

6.      The parties were notified of the availability of counseling.

7.      The court should grant Plaintiff a divorce from Defendant.

LYNN A. SNYDER, ESQUIRE
Master

6

## MASTER'S CERTIFICATION

I hereby certify that on the date of the filing of the foregoing Report, I mailed a copy of the

Report to Laurie Wyche-Abele, Esquire, attorney for Plaintiff and Kim Denise Morton, Esquire,

attorney for Defendant.

LYNN A. SNYDER, ESQUIRE
Master

## NOTICE OF EXCEPTIONS

WITHIN TWENTY DAYS AFTER NOTICE OF THE MAILING OF THE
MASTER'S REPORT, EXCEPTIONS MAY BE FILED BY ANY PARTY TO THE
REPORT OR ANY PART THEREOF, TO RULINGS ON OBJECTIONS TO EVIDENCE,
TO STATEMENTS OR FINDINGS OF FACT, TO CONCLUSIONS OF LAW, OR TO
ANY OTHER MATTERS OCCURRING DURING THE HEARING. EACH EXCEPTION
SHALL SET FORTH A SEPARATE OBJECTION PRECISELY AND WITHOUT
DISCUSSION. MATTERS NOT COVERED BY EXCEPTIONS ARE DEEMED WAIVED
UNLESS, PRIOR TO ENTRY OF THE FINAL DECREE, LEAVE IS GRANTED TO FILE
EXCEPTIONS TO THOSE MATTERS.

ROBERT TOLAND, III,                    :        IN THE COURT OF COMMON PLEAS

      Plaintiff                    :        CHESTER COUNTY, PENNSYLVANIA

      vs.                          :        CIVIL ACTION - LAW

CLAIRE M. TOLAND,                      :        No.  02-01976

      Defendant                    :        IN DIVORCE


Laurie Wyche-Abele, Esquire
Attorney for Plaintiff


Kim Denise Morton, Esquire
Attorney for Defendant


Lynn A. Snyder
Master

| ROBERT TOLAND, III, | : | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| Plaintiff | : | CHESTER COUNTY, PENNSYLVANIA |
| vs. | : | CIVIL ACTION - LAW |
| CLAIRE M. TOLAND, | : | No. 02-01976 |
| Defendant | : | IN DIVORCE |

## DECREE

AND NOW, this        day of            , 2010, based upon the Report and Recommendation of Lynn A. Snyder, Esquire, Master, and no exceptions having been filed, it is hereby Ordered, and Decreed that:

1.      Plaintiff, Robert Toland, III, and Defendant, Claire M. Toland, are divorced from the bonds of matrimony.

2.      The parties shall comply with all of the provisions of the Agreement reached in this matter, which provisions are set forth at length in the Master's Report and are incorporated herein.

BY THE COURT:

_____

                                                    J.

 

# THE COUNTY OF CHESTER

LYNN A. SNYDER, ESQUIRE
Master

FAMILY COURT
201 W. Market St., Suite 5301
P.O. Box 2746
West Chester, PA 19380-0989
(610) 344-5513
FAX: (610) 344-5974

July 2, 2010

Laurie B. Wyche-Abele, Esquire
1221 West Chester Pike
West Chester, PA 19382

Kim Denise Morton, Esquire
Morton Family Law, LLC
158 West Gay Street
Darlington Commons, Suite 202
West Chester, PA 19380

    Re:    Robert Toland v. Claire M. Toland
              C.C.C.C.P. No. 02-01976

Dear Counsel:

    Enclosed please find copies of my Report and Recommendation. The originals are being filed with the Prothonotary today.

                             Very truly yours,

                             Lynn A. Snyder

LAS/dsk
Enclosures

AUG 0 3 2010

ROBERT TOLAND, III,                    :        IN THE COURT OF COMMON PLEAS

     Plaintiff                          :        CHESTER COUNTY, PENNSYLVANIA

     vs.                                :        CIVIL ACTION - LAW

CLAIRE M. TOLAND,                      :        No. 02-01976

     Defendant                          :        IN DIVORCE

2010 AUG -2 AM 10: 02
OFFICE OF THE
PROTHONOTARY
CHESTER CO. PA.

## DECREE

AND NOW, this 30th day of July, 2010, based upon the Report and Recommendation of Lynn A. Snyder, Esquire, Master, and no exceptions having been filed, it is hereby Ordered, and Decreed that:

    1.    Plaintiff, Robert Toland, III, and Defendant, Claire M. Toland, are divorced from the bonds of matrimony.

    2.    The parties shall comply with all of the provisions of the Agreement reached in this matter, which provisions are set forth at length in the Master's Report and are incorporated herein.

BY THE COURT:

_Katherine B. Platt_ J.

# EXHIBIT F

# AFFIDAVIT OF CLAIRE TOLAND

I, Claire Toland, swear and attest to the truth, accuracy, and validity of the following, and agree to be legally bound by the terms and conditions hereof as follows:

1. I was married to Robert Toland II (RTZ) until our divorce became final roughly two years ago.

2. As part of the allocation and distribution of the assets and obligations in the divorce proceedings, RTZ and I agreed to the following: (a) that I owe RTZ a certain amount of money; (b) that I could not at that point in time (nor can I at this point in time) afford to pay RTZ that amount of money; (c) that to satisfy my legal/financial obligation to RTZ, he would remain a part-owner of — and hence a co-deedholder to — the house/property located at 2948 Morris Road, Ardmore, PA 19003, which we purchased jointly when we were married; (d) that that property will be sold when our youngest child — Grace K. Toland — reaches the age of majority (December 2, 2016); and (e) that RTZ will be entitled to proceeds from the sale of the property to offset (ie., to pay for) the debts and obligations I have to RTZ under the terms and conditions of the divorce proceedings.

3. The terms and conditions of the "divorce proceedings" — two related cases in

the Chester County Court of Common Pleas — are set forth fully in those proceedings and remain in full force and effect in every way, except as set forth below.

4. It has become apparent that certain work needs to be done on the property located at 2948 Morris Road to keep it habitable, including the installation of a new roof.

5. To help me pay for this work, I have applied for financial assistance through the Haverford Township Home Improvement Program (HTHI Program).

6. As part of the application process for the HTHI Program, certain financial documents must be submitted to determine whether a property is an "eligible property" under the Program.

7. Because RTZ is a co-deedholder to the 2948 Morris Road property, he is also required to submit certain financial documents as part of the HTHI Program application process.

8. RTZ's financial documents could be construed as preventing 2948 Morris Road from being deemed an "eligible property" under the HTHI Program.

9. Such a perception would be misplaced, however, because RTZ provides no financial contribution towards the upkeep and maintenance of the 2948 Morris Road property.

- 2 -

10. To avoid the potential misperception explained in Paragraph 8, RTZ has agreed to transfer his ownership interest in 2948 Morris Road to me so that I am the sole owner.

11. By transferring his ownership interest in 2948 Morris Road to me, RTZ is not in any way waiving, limiting, or terminating his legal rights and/or his entitlement to be fully compensated from the proceeds from the sale of 2948 Morris Road, as set forth fully in the divorce proceedings.

12. Nor does RTZ's transfer of his ownership interest in 2948 Morris Road to me in any way diminish or terminate my obligation to RTZ as set forth in the Chester County divorce proceedings. To the contrary — except as set forth below, and except for the ownership of 2948 Morris Road, RTZ and I remain in exactly the same position we were in in the divorce proceedings.

13. One change that I agree to by way of this Affidavit is that my legal/financial obligation to RTZ through the sale of 2948 Morris Road has now increased to include an additional $4,775.00 that I owe him, which represents my obligation on a loan for $5,000.00 from his mother, the repayment of which I am in breach of.

14. Accordingly, RTZ's rights/entitlements and my debts/obligations under the terms

-3-

and conditions of the Chester County divorce proceedings remain, and will continue to remain going forward, exactly as they were prior to the transfer of RTZ's legal ownership in, and position as a co-deedholder to, the 2948 Morris Road property, <u>except</u> to the extent that RTZ's rights/entitlements and my debts/obligations following the sale of that property are hereby <u>increased</u> by $4,775.⁰⁰.

15. I will do everything in my power to assist RTZ in every way possible to perfect his legal interest in and entitlement to the proceeds from the sale of 2948 Morris Road by way of filing or recording it as a legal lien on the property just as if it were a mortgage and so that it has priority over all other liens, mortgages, and/or encumberances to the fullest extent possible under the law.

16. I will also <u>not</u> do <u>anything</u> now or going forward that might in any way compromise, restrict, or limit RTZ's rights and entitlements as set forth above and as set forth in the divorce proceedings.

17. For example, I will not now or in the future remortgage the property at 2948 Morris Road or otherwise encumber it with a lien or other debt obligation without first getting RTZ's express and written authorization to do so.

-4-

18. I recognize, acknowledge, and admit that: (a) a violation by me of any of the foregoing terms and/or conditions constitutes a breach of contract by me as a matter of law; (b) such a breach will make me liable to RTZ as a matter of law; and (c) the only issue remaining to be resolved for such a breach will be the amount of money damages I owe RTZ.

19. I further recognize and acknowledge that a violation by me of any of the foregoing terms and/or conditions may also constitute a criminal act (e.g., fraud in the inducement) under federal and/or state law, and/or a quasi-criminal act under federal and/or state regulations, and that RTZ will seek and press for a full prosecution.

20. I also agree that if I fail in any way to comply with <u>all</u> the terms and conditions of this Affidavit and/or the terms and conditions of the divorce proceedings, that RTZ may, in his sole discretion, reduce or terminate, in whole or in part, the child support he is currently paying.

21. If RTZ elects to reduce or terminate child support for any reason under Paragraph 20, I agree not to seek relief in any court or through any remedial procedure.

22. In other words, if RTZ elects to alter child support under Paragraph 20, that

-5-

will be his election and his election alone and
I have no basis or standing to challenge
that election in any way or in any court
or forum.

23. Although the terms and conditions of
this Affidavit may seem extreme, I concede
that I have brought them on myself by
my prior actions.

24. In other words, I acknowledge that
there is a valid basis for RTZ including all
the terms and conditions in this Affidavit,
despite the fact that they may appear to
be somewhat extreme.

25. As a result, the typical legal principle
that a document (this Affidavit) will be
construed against the party that drafted
it (RTZ) does not apply to this Affidavit
and I recognize and endorse all of the
requirements, obligations, and responsibilities
set out above.

26. In sum, I intend to be fully
bound by the terms and conditions of this
Affidavit, will do my absolute best to meet
such terms and conditions, and accept full
responsibility and liability if I in any way
fail to meet all of my obligations and
responsibilities.

-6-

*Claire M. Toland*   10/22/12

Claire M. Toland

Commonwealth of Pennsylvania

County of _Delaware_

Sworn to and subscribed before me

this _22nd_ day of _October_ , 2012
by Claire M. Toland

_Marjorie E. Donohue_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Marjorie E. Donohue, Notary Public
Haverford Twp., Delaware County
My Commission Expires Aug. 18, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

# EXHIBIT  G

## COUNT I -- TOLAND INTEREST CALCULATIONS

### Amount Owed per Divorce Decree

| Year | Amount | Interest Rate | Interest Charge |
|------|--------|---------------|-----------------|
| 2010* | $36,780.00 | 2% | $308.95 |
| 2011 | $37,088.95 | 2% | $741.78 |
| 2012 | $37,830.73 | 2% | $756.61 |
| 2013 | $38,587.34 | 2% | $771.75 |
| 2014 | $39,359.09 | 2% | $787.18 |
| 2015 | $40,146.27 | 2% | $802.93 |
| 2016 | $40,949.20 | 2% | $818.98 |
| 2017 | $41,768.18 | 2% | $835.36 |
| 2018 | $42,603.54 | 2% | $852.07 |
| 2019** | $43,455.61 | 2% | $286.81 |
| Subtotal: | $43,742.42 | | $6,962.42 |

### Amount Owed per 6/10/11 Debtor Affidavit

| Year | Amount | Interest Rate | Interest Charge |
|------|--------|---------------|-----------------|
| 2011^ | $3,200.00 | 2% | $32.00 |
| 2012 | $3,232.00 | 2% | $64.64 |
| 2013 | $3,296.64 | 2% | $65.93 |
| 2014 | $3,362.57 | 2% | $67.25 |
| 2015 | $3,429.82 | 2% | $68.60 |
| 2016 | $3,498.42 | 2% | $69.97 |
| 2017 | $3,568.39 | 2% | $71.37 |
| 2018 | $3,639.76 | 2% | $72.80 |
| 2019** | $3,712.56 | 2% | $24.50 |
| Subtotal: | $3,737.06 | | $537.06 |

### Amount Owed per 10/22/12 Debtor Affidavit

| Year | Amount | Interest Rate | Interest Charge |
|------|--------|---------------|-----------------|
| 2012" | $4,775.00 | 2% | $16.24 |
| 2013 | $4,791.24 | 2% | $95.82 |
| 2014 | $4,887.06 | 2% | $97.74 |
| 2015 | $4,984.80 | 2% | $99.70 |
| 2016 | $5,084.50 | 2% | $101.69 |
| 2017 | $5,186.19 | 2% | $103.72 |
| 2018 | $5,289.91 | 2% | $105.80 |
| 2019** | $5,395.71 | 2% | $35.61 |
| Subtotal: | $5,431.32 | | $656.32 |

Grand Total:  $52,910.80

* Interest only calculated for 5/12th of the year in 2010 because Master's Report was issued in July of 2010.
** Interest only calculated for 4/12ths of the year in 2019 because this Complaint is filed May of 2019.
^ Interest only calculated for 6/12th of the year in 2010 because the Affidavit was executed in June of 2010.
" Interest only calculated for 2/12ths of the year in 2012 because Affidavit was executed in October of 2012.

# EXHIBIT H

LAW OFFICES

# SWEENEY & NEARY, LLP

ATTORNEYS AND COUNSELORS AT LAW

200 NORTH JACKSON STREET
MEDIA, PENNSYLVANIA
19063-2807
*PRACTICE LIMITED TO FAMILY AND MATRIMONIAL LAW*

MICHAEL R. SWEENEY †
(1944-2016)

COLLEEN M. NEARY †
KRISTEN M. RUSHING
PATRICK T. DALEY
KATHLEEN A. O'CONNOR

pdaley@sweeneynearylaw.com

March 18, 2019

†FELLOW AMERICAN ACADEMY
OF MATRIMONIAL LAWYERS

TELEPHONE: (610) 892-7500
FACSIMILE: (610) 892-7504
WWW.SWEENEYNEARYLAW.COM

Mr. Robert Toland, II
54 Clifton Drive
Kennett Square, PA 19348

RE:  **Robert Toland II vs. Claire M. Toland**
Case No.  2002-01976/In Divorce

Dear Bob:

See below for the information you requested.  Let me know if I can be of any
further assistance.

$3,000.00 retainer paid on 06.18.18

## Payments Made

06.13.18 – $250.00 (initial consultation);
07.02.18 – $1,230.00 (from retainer)
08.01.18 – $360.00 (from retainer)
08.30.18 – $1,410.00 (remainder of retainer)
09.17.18 – $1,965.00
10.22.18 – $1,410.00
11.12.18 – $1,140.00
12.17.18 – $1,383.00

*Total – $9,148.00*

Very truly yours,

PATRICK T. DALEY

PTD/mdd

# EXHIBIT  I

## COUNT II -- TOLAND INTEREST CALCULATIONS

### Amount Owed per Divorce Decree for Forged Checks

| Year | Amount | Interest Rate | Interest Charge |
|------|--------|---------------|-----------------|
| 2010* | $20,780.00 | 2% | $174.55 |
| 2011 | $20,954.55 | 2% | $419.09 |
| 2012 | $21,373.64 | 2% | $427.47 |
| 2013 | $21,801.11 | 2% | $436.02 |
| 2014 | $22,237.13 | 2% | $444.74 |
| 2015 | $22,681.87 | 2% | $453.64 |
| 2016 | $23,135.51 | 2% | $462.71 |
| 2017 | $23,598.22 | 2% | $471.96 |
| 2018 | $24,070.18 | 2% | $481.40 |
| 2019** | $24,551.58 | 2% | $162.04 |
| Subtotal: | $24,713.62 | | $3,933.62 |

* Interest only calculated for 5/12th of the year in 2010 because Master's Report was issued in July of 2010.

** Interest only calculated for 4/12ths of the year in 2019 because this Complaint is filed in May of 2019.

# <u>CERTIFICATE OF SERVICE</u>

I, Kevin F. Berry, Esquire, certify that a true and correct copy of the foregoing Motion for

Summary Judgment was caused to be served on all counsel of record on October 22, 2019, via

*Court ECF*, including but not limited to:


      Andrew V. Guilfoil, Esq.
      Holber Stanwood and Guilfoil, LLC
      41 East Front Street
      Media, PA 19063
      610-565-5463
      aguilfoil@holber.com

      Trustee
      WILLIAM C. MILLER, Esq.
      Chapter 13 Trustee
      P.O. Box 1229
      Philadelphia, PA 19105
      215-627-1377

      U.S. Trustee
      United States Trustee
      Office of the U.S. Trustee
      200 Chestnut Street
      Suite 502
      Philadelphia, PA 19106
      215-597-4411


                */s/ Kevin F. Berry*
                Kevin F. Berry