# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: CLAIRE MARIE TOLAND, | : | CHAPTER 13 |
| Debtor. | : | BKY. NO. 19-10369 AMC |
| ROBERT TOLAND II, | : | ADVERSARY PROCEEDING |
| Plaintiff, | : | |
| v. | : | |
| CLAIRE MARIE TOLAND, | : | |
| Defendant. | : | NO. 19-110 AMC |

**CREDITOR / ADVERSARY PLAINTIFF ROBERT TOLAND II'S
STATEMENT OF FACTS THAT ARE NOT IN DISPUTE
<u>RELATING TO HIS MOTION FOR SUMMARY JUDGMENT</u>**

Creditor and Adversary Plaintiff, Robert Toland II ("Creditor RT2"), hereby submits the following statement of material facts that he submits are not in dispute in support of his Motion for Summary Judgment filed on October 22, 2019 (ECF No. 8)[1]:

1. Debtor and Creditor RT2 were married on November 30, 1991.

2. Debtor and Creditor RT2 were divorced on July 30, 2010. Divorce Decree ¶ 1, *Robert Toland II v. Claire M. Toland*, No. 02-01976 (Pa. Ct. Com. Pl., Chester Cty., July 30, 2010) (Ex. A hereto).

---

[1] This filing is the same numbered allegations as in Creditor RT2's Motion for Summary Judgment. Although seemingly redundant, this filing is being made pursuant to footnote 1 of this Court's June 26, 2019, Pretrial Order (ECF No. 6, ¶ 6.c n.1) out of an abundance of caution because the Court notes that the failure to comply with this requirement "shall be grounds for summary denial of the motion."

3.       The July 30, 2010, Divorce Decree provides: "The parties shall comply with all the provisions of the Agreement reached in the matter, which provisions are set forth at length in the Master's Report and are incorporated herein."  Divorce Decree ¶ 2 (Ex. A hereto).

4.       The Master's Report provides, among other things, as follows:

> Husband [Creditor RT2] will be entitled to **$16,000** in equity to be paid to him in the summer of 2017.  This payment shall accrue interest at the rate of two percent per year.  If for some reason Wife [Debtor] is unable to make this **$16,000** payment representing the equity in the house, Wife will sell the marital residence [2948 Morris Road, Ardmore, PA 19003] in the summer of 2017, at which time Husband will receive the **$16,000** plus any accrued interest.  Husband is also entitled to another payment in the amount of **$20,780** from Wife.  This payment will also be made in the summer of 2017.  And again, if for any reason Wife is unable to make the payment, the marital residence will be sold at that time and payment will come from that.  To clarify, a total of **$36,780** is due Husband with interest at the rate of 2%.  Wife has the right to pay off the entire amount any time earlier in the event she chooses to refinance.

*Robert Toland II v. Claire M. Toland*, No. 02-01976, Master's Rep. ¶ 2, pp. 3-4 (Pa. Ct. Com. Pl., Chester Cty., July 2, 2010) (emphasis added) (Ex. B hereto).

5.       Neither Debtor nor Creditor RT2 appealed the Divorce Decree or the Master's Report incorporated therein and it is and remains the final Divorce Decree between Debtor and Creditor RT2.

6.       Debtor did not pay Creditor RT2 the $16,000 or the $20,780, or any part thereof, in the summer of 2017 pursuant to the Divorce Decree.  Nor has Debtor paid Creditor RT2 any part of that obligation since that time.

7.       Debtor attempted to sell the "marital residence" at 2948 Morris Road, Ardmore, PA 19003, in late 2018 and early 2019. Apparently the Debtor's debt / mortgage obligations / other encumbrances / *etc.* on the marital residence (including the obligation to Creditor RT2) exceed the

property's fair market value. As a result, Debtor filed this action under Chapter 13 of the Bankruptcy Code.

8. The **$16,000** Debtor is obligated pay Creditor RT2 under the Divorce Decree is in consideration of the appreciation in the market value of the marital residence.

9. The **$20,780** Debtor is obligated to pay Creditor RT2 under the Divorce Decree was for checks that Debtor had Vanguard send to her from a non-marital account in Creditor RT2's name, the checks were made payable to Creditor RT2, and Debtor forged Creditor RT2's signature on the checks. *See* cancelled checks (Ex. C hereto). Creditor RT2 was unaware (until he received statements from Vanguard showing the check withdrawals) that Debtor was doing this and Creditor RT2 did not approve or authorize it before it was done nor did he ratify Debtor's actions after Creditor RT2 discovered them. (A White and Williams check signed by Creditor RT2 is attached as Ex. D for comparison.)

10. The **$20,780** Debtor is obligated to pay Creditor RT2 in the Divorce Decree was also for checks from White and Williams (Creditor RT2's former law firm) to which Debtor also forged Creditor RT2's signature. *See* cancelled checks (Ex. C hereto). Creditor RT2 was unaware that Debtor was doing this and Creditor RT2 did not approve or authorize it before it was done nor did he ratify Debtor's actions after Creditor RT2 discovered them.

11. Interest runs on the amounts due under the Divorce Decree at an annual rate of 2%. *See* Master's Rep. ¶ 2 (Ex. B hereto).

12. In a signed Affidavit dated June 10, 2011, and executed under penalty of perjury under 28 U.S.C. § 1746, Debtor agreed to add an additional **$3,200** to the amount she is obligated to pay Creditor RT2 under the Divorce Decree in the event she was unable to repay a loan. *See* Claire M. Toland Aff. ¶ 2 (Ex. E hereto). Debtor has not repaid that loan. Debtor's Affidavit is

captioned in the divorce proceedings and provides that interest will accrue at the same 2% interest as the obligation in the Divorce Decree.

13. In another signed and notarized Affidavit dated October 22, 2012, Debtor agreed to increase her debts / obligations under the Divorce Decree by **$4,775** based on a loan she failed to repay. *See* Claire M. Toland Aff. ¶ 14 (Oct. 22, 2012) (Ex. F hereto).

14. With interest added onto these amounts pursuant to the Divorce Decree, the total Debtor owes Creditor RT2 is **$52,910.80**. *See* Toland Interest Calculations Spreadsheet (Ex. G hereto).

15. Because Debtor refused to honor her obligations under the Divorce Decree, Creditor RT2 was required to retain an attorney and seek recovery in the divorce action in the Pennsylvania Court of Common Pleas, Chester County. Creditor RT2 retained Patrick T. Daley, Esquire, who filed on or about June 18, 2018, a Petition to Enforce the Report of the Equitable Distribution Master in the divorce proceeding in the Pennsylvania Court of Common Pleas, Chester County. *Robert Toland II v. Claire M. Toland*, No. 02-01976 (Pa. Ct. Com. Pl., Chester Cty.).

16. Because Debtor refused to honor her obligation under the Divorce Decree, and because Creditor RT2 was required to retain Mr. Daley to seek to enforce that obligation, Creditor RT2 was required to spend **$9,148** in attorney's fees. *See* Ltr. from Patrick T. Daley, Esq., to Robert Toland II (Mar. 18, 2019) (Ex. H hereto). This is a cost of seeking the recovery of the debt obligations under the Divorce Decree to which Creditor RT2 is entitled and is properly included in his recovery in this bankruptcy matter — *i.e.*, is properly excluded / excepted from discharge in these bankruptcy proceedings — bringing the total debt obligation from Debtor to Creditor RT2 to **$62,058.80**.

17. The **$62,058.80** that Debtor owes to Creditor RT2 is not dischargeable under Section 523(a)(15) of the Bankruptcy Code, which provides that a discharge under Sections 727, 1141, 1228(a), or 1328(b) of the Bankruptcy Code does not discharge a debt:

> **(15)** [T]o a . . . former spouse . . . of the debtor . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit . . . .

11 U.S.C. § 523(a)(15).

18. The **$62,058.80** debt that Debtor owes to Creditor RT2 was incurred by Debtor in the course of a divorce proceeding and/or arises out of and relates to such divorce proceedings.

19. Accordingly, Creditor RT2 is entitled to have Debtor's obligation of **$62,058.80** to Creditor RT2 excluded / excepted from discharge in these bankruptcy proceedings.

20. Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under Sections 727, 1141, 1228(a), or 1328(b) of the Bankruptcy Code does not discharge a debt:

> **(2)** [F]or money . . . to the extent obtained by ―
>
> **(A)** false pretenses, a false representation, or actual fraud . . . .

11 U.S.C. § 523(a)(2).

21. Debtor's forgery of Creditor RT2's signature on the checks from Vanguard and White and Williams constitutes "actual fraud."

22. Accordingly, the **$20,780** Debtor is obligated to pay Creditor RT2 under the Divorce Decree ― plus interest at 2% per year ― is also excluded / excepted from discharge in these bankruptcy proceedings. The interest calculation on that amount is set forth in a spreadsheet in Ex. I hereto and brings the total on this debt to **$24,713.62**.

**WHEREFORE**, Creditor RT2 demands judgment be entered in his favor in the amount of **$62,058.80**, that such judgment be excluded / excepted from discharge in these bankruptcy proceedings, and demands that he be placed in first position on that judgment amount from the proceeds from the sale of the property located at 2948 Morris Road, Ardmore, PA 19003, as well as any of Debtor's other assets.

Respectfully submitted,

  */s/ Kevin F. Berry*
KEVIN F. BERRY (PA #30058)
**O'HAGAN MEYER**
100 N. 18th Street, Suite 700
Two Logan Square
Philadelphia, PA 19103
267-386-4353
kberry@ohaganlaw.com
*Attorneys for Creditor*
*Robert Toland II*

Dated: October 23, 2019

## **CERTIFICATE OF SERVICE**

I, Kevin F. Berry, Esquire, certify that a true and correct copy of the foregoing Motion for Summary Judgment was caused to be served on all counsel of record on October 23, 2019, via *Court ECF*, including but not limited to:

Andrew V. Guilfoil, Esq.
Holber Stanwood and Guilfoil, LLC
41 East Front Street
Media, PA 19063
610-565-5463
aguilfoil@holber.com

Trustee
WILLIAM C. MILLER, Esq.
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105
215-627-1377

U.S. Trustee
United States Trustee
Office of the U.S. Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106
215-597-4411

                                            */s/ Kevin F. Berry*
                                            Kevin F. Berry