United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-10369-mdc |
| Claire Marie Toland | Chapter 13 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Oct 28, 2020 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#          Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 30, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Claire Marie Toland, 173 Simpson road, Apartment #2, Ardmore, PA 19003-2838 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 30, 2020               Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 28, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANDREW VINCENT GUILFOIL | on behalf of Debtor Claire Marie Toland aguilfoil@holber.com |
| ANDREW VINCENT GUILFOIL | on behalf of Defendant Claire Marie Toland aguilfoil@holber.com |
| JACK K. MILLER | on behalf of Trustee WILLIAM C. MILLER Esq. philaecf@gmail.com, ecfemails@ph13trustee.com |
| KEVIN F. BERRY | on behalf of Plaintiff Robert Toland II kberry@ohaganmeyer.com, nfusco@ohaganmeyer.com |
| KEVIN F. BERRY | on behalf of Creditor Robert Toland II kberry@ohaganmeyer.com, nfusco@ohaganmeyer.com |

District/off: 0313-2 | User: Adminstra | Page 2 of 2

Date Rcvd: Oct 28, 2020 | Form ID: pdf900 | Total Noticed: 1

KEVIN G. MCDONALD
    on behalf of Creditor BANK OF AMERICA  NATIONAL ASSOCIATION FHA/VA/RHS: Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

WILLIAM C. MILLER, Esq.
    ecfemails@ph13trustee.com  philaecf@gmail.com

TOTAL: 8

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|    Claire Marie Toland, | : | |
| Debtor. | : | Bankruptcy No. 19-10369-MDC |

# O R D E R

**AND NOW**, pursuant to the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Andrew V. Guilfoil (the "Applicant"), counsel to Claire Marie Toland (the "Debtor"), the Applicant requests the allowance of compensation in the amount of $7,040.00 and the reimbursement of expenses in the amount $403.00.

**AND**, the Applicant was previously paid $2,500.00 by the Debtor (the "Pre-Paid Amount").

**AND**, after accounting for the Pre-Paid Amount, the Application seeks the payment of $4,943.00 for the balance of fees and expenses sought (the "Remaining Balance").

**AND**, this Court entered an Order dated February 18, 2020 (the "Confirmation Order"),[2] confirming the Debtor's First Amended Chapter 13 Plan (the "Plan").[3]

**AND**, the Plan provides that the Applicant will be paid $3,000.00 as an administrative expense, which when added to the Pre-Paid Amount will result in a total payment to the Applicant in the amount of $5,500.00. Plan, §§ 2(e), 3(a).

**AND**, the Plan does not provide for payment of costs to the Applicant. Plan, §2(e).

---

[1] Bankr. Docket No. 88.

[2] Bankr. Docket No. 84.

[3] Bankr. Docket No. 48.

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

It is hereby **ORDERED** that:

1.  The Application is **GRANTED IN PART** and **DENIED IN PART**.

2.  Consistent with the Confirmation Order, compensation is allowed in favor of the Applicant in the total amount of $5,500.00 (the "Allowed Compensation"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing). The balance of the

compensation and expenses sought, in the amount of $1,943.00, are disallowed as inconsistent with the terms of the Plan.

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated: October 27, 2020

*[signature]*
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Andrew V. Guilfoil, Esquire
Holber Stanwood and Guilfoil, LLC
41 East Front Street
Media, PA 19063

Jack K Miller Esquire
The Bouse Building
111 S. Independence Mall E
Philadelphia, PA 19106

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912